De Forest C. Pitt, J.
This article 78 proceeding is brought to obtain judgment annulling the determination of the respondent, Commissioner of Education, dismissing the petitioners’ appeal before him. Petitioners seek to set aside an election held October 31, 1970, by the Union Free School District No. 6 of the Town of Southampton, New York, which presented a comprehensive building program to the voters for their approval. The respondent has moved to dismiss the petition upon objections in point of law. The said school district, not a party to this proceeding, has moved for an order allowing it to intervene.
The petitioners urge that the election should be set aside for the reason that no provision was made thereat for absentee ballots, with the alleged, possible result that certain voters were disenfranchised in violation of the New York State Constitution and provisions of the Election Law. Also urged is that the proposed building project should not have been presented as a single proposal. It is the petitioners’ position that the respondent, Commissioner, erred in his decision upon these issues and further erred in denying to the petitioners an opportunity to present oral testimony upon the hearing.
Section 311 of the Education Law grants to the Commissioner of Education the power to regulate the procedure to be employed in appeals brought before him. This the Commissioner has done. Section 276.2 (d) of the Commissioner’s regulations states (8 NYCRR 276.2 [d]): “ All evidentiary material shall be presented by affidavit or by exhibits. No testimony is taken and no transcript of oral argument will be made. ’ ’ In Matter of O’Brien *738 v. Commissioner of Educ. (4 N Y 2d 140) the court wrote at page 145: “ Quite obviously, and we recently so held in a case very similar to the present one, the Commissioner of Education’s resolution of a dispute on conflicting affidavits without an oral hearing neither directly involves the construction of the constitution nor poses a constitutional question of any kind.” (See also Matter of Kuhn v. Commissioner of Educ., 1 A D 2d 533 ; Matter of Savage v. Allen, 13 Misc 2d 489.)
Based upon the above and upon the nature of the issues presented at the hearing below the court must conclude that the Commissioner did not err in the procedure employed by him.
With regard to the other objections raised by the petitioners the opinion of the respondent, Commissioner, reflects a thorough consideration of the same and a decision made in accordance with both reason and the authorities.
Consequently, the papers before this court disclose no basis upon which the decision of the Commissioner may be disturbed, particularly in view of the limited area of judicial review available upon this proceeding. (Matter of Vetere v. Allen, 15 N Y 2d 259 ; Matter of Bd. of Educ. v. Allen, 6 N Y 2d 127 ; Matter of Ocean Hill-Brownsville Governing Bd. v. Board of Educ., 23 N Y 2d 483.)
Accordingly, the respondent’s motion to dismiss upon objections in point of law will be granted. The motion to allow intervention will also be granted so as to provide for the participation of the said school district in any further proceedings herein.